| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-56 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| LEVI AKAI LIVINGSTONE, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Levi Akai Livingstone, # 12673-041, United States Penitentiary Atlanta, P.O. Box 150160, Atlanta, GA 30315, *pro se*.

In 2007, a jury found Livingstone guilty of distribution of methamphetamine and conspiracy to distribute methamphetamine. This Court sentenced Livingstone to a 216-month sentence, and the Eighth Circuit affirmed. Livingstone previously filed a 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel. This Court denied Livingstone's motion and declined to grant a certificate of appealability. (Order, Apr. 14, 2011, Docket No. 127.) The Eighth Circuit also declined to issue a certificate of appealability. (Judgment, June 2, 2011, Docket No. 130.) The matter is now before the Court on Livingstone's motion for relief under Federal Rule of Civil Procedure 60(b). Livingstone argues that he is entitled to relief from the Court's denial of his § 2255 motion in light of the Supreme Court's recent holdings in *Lafler v. Cooper*,

132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). The Court will deny Livingstone's motion.

Upon receipt of a purported Rule 60(b) motion after dismissal of a habeas petition, the court must determine whether the motion is actually a second or successive attempt at habeas relief. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). If the motion is a second or successive habeas petition, the court must dismiss it or transfer the motion to the Court of Appeals. *Id.* A proper post-habeas petition request under Rule 60(b) must challenge "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A request that the court reconsider the merits of the original habeas petition in light of new case law is not permitted under Rule 60(b) because the motion fails to allege any defect in the integrity of the previous habeas proceeding. *Id.* at 530–31.

Livingstone contends, as he did in his § 2255 motion, that he was deprived of constitutionally adequate assistance of counsel at the plea stage but now asks that the Court reconsider the motion in light of *Cooper* and *Frye*. Because Livingstone does not allege a defect in the previous proceeding but rather attacks the "federal court's previous resolution of the claim on the merits," his Rule 60(b) motion is a second or successive habeas corpus petition. *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (citing

*Gonzalez*, 545 U.S. at 530). The Court will, therefore, dismiss the motion because it was not authorized by the Eighth Circuit. A certificate of appealability will also be denied.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Livingstone Motion to Re-Open [Docket No. 132] is **DENIED**.

2.    The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Livingstone's motion.

DATED:  July 8, 2013                              _____s/ John M. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge

---

[1] Because "neither *Cooper* nor *Frye* announced a new rule of constitutional law," *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013), Livingstone's arguments do not even present a new claim for relief. Consequently, the Court will not transfer the Rule 60(b) motion to the Court of Appeals. *See Boyd*, 304 F.3d at 814. The Court will also deny a certificate of appealability because Livingstone has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).